1  TOWNSEND AND TOWNSEND AND CREW LLP
   ANDREW T. OLIVER[1] (State Bar No. 226098)
2    atoliver@townsend.com
   379 Lytton Avenue
3  Palo Alto, CA 94301
   Telephone: (650) 326-2400
4  Facsimile: (650) 326-2422

5  Attorneys for Judgment Creditor
   ACCESS Systems Americas, Inc.

6

7

8

9

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                  WESTERN DIVISION

13

| 14 | E-PASS TECHNOLOGIES, INC., | Case No. 2:09-CV-06303-ABC |
|---|---|---|
| 15 | Plaintiff, | **NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC. FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING** |
| 16 | | |
| 17 | v. | |
| 18 | | |
| 19 | PALMONE, INC., PALMSOURCE, INC., also known as ACCESS SYSTEMS AMERICAS, INC., AND HANDSPRING, INC., | Hearing Date: To be determined Time: To be determined Ctrm: |
| 20 | | |
| 21 | | |
| 22 | Defendants. | The Honorable Audrey B. Collins |

23

24

25

26

27  _____
      [1] Application for Admission to the Bar of the Central District of California
28  submitted on October 6, 2009.

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

townsend.

1   Pursuant to L.R. 7-19, Judgment Creditor ACCESS Systems Americas, Inc.

2   ("ACCESS") hereby applies ex parte for an order directing non-party garnishee

3   Rosen Saba, LLP ("Rosen Saba") to show cause why Rosen Saba should not be held

4   in contempt for failure to comply with this Court's Writ of Execution and Notice of

5   Levy, that were served upon Rosen Saba on September 9, 2009.  In the alternative,

6   and only if the Court determines that it is the proper procedure to follow, ACCESS

7   petitions for a hearing to determine the validity of any claim that has been made by

8   Rosen Saba and the proper disposition of property, no later than 20 days from the

9   date of this petition, pursuant to California Code of Civil Procedure §720.310.

10  Good cause exists for this *ex parte* application.  ACCESS has made good

11  faith efforts to resolve this dispute with non-party Rosen Saba, by explaining why

12  Rosen Saba's Memorandum of Garnishee fails to set forth a basis upon which Rosen

13  Saba may withhold the levied property from the levying officer.  Rosen Saba has not

14  yet set forth a position disputing ACCESS' explanation, but requested more time to

15  consider.  To avoid potential loss of rights, counsel for ACCESS determined that it

16  cannot further delay filing this *ex parte* application.

17  This application is based the following Memorandum and the Declaration of

18  Andrew T. Oliver, submitted herewith.  Notice of this *ex parte* application is being

19  served upon non-party Rosen Saba, contemporaneously with filing, to:

20  Adela Carrasco

21  Rosen Saba, LLP

22  468 N. Camden Dr., Third Floor

23  Beverly Hills, CA  90210

24

25

26

27

28

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

2

townsend.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    Introduction.................................................................................... 1

II.   Brief Statement of Facts ................................................................ 2

    A.   ACCESS Properly Attempted to Enforce Judgment........................ 2

    B.   Neither Rosen Saba nor E-Pass Made A Claim of
        Exemption.................................................................................. 2

III.  Argument ........................................................................................ 3

    A.   Rosen Saba Improperly Withheld E-Pass' Property
        from the Levying Officer ............................................................ 3

    B.   Contempt Sanctions are Warranted............................................ 5

    C.   An Order to Show Cause Should Issue ........................................ 7

    D.   The Following Sanctions Are Appropriate for
        Inclusion in the Order to Show Cause......................................... 7

    E.   In the Alternative, the Court Should Set a Hearing to
        Determine the Proper Disposition of Property ........................... 9

IV.   Conclusion .................................................................................... 10

townsend.

1

2

# TABLE OF AUTHORITES

3   CASES

4   *Chambers v. Nasco, Inc.,*

5       501 U.S. 32 (1991)...................................................................................6

6   *F.T.C. v. Affordable Media, LLC,*
        179 F.3d 1228 (9th Cir. 1999)..............................................................6

7

8   *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,*
        10 F.3d 693 (9th Cir. 1993).................................................................6

9   *Int'l Union, United Mine Workers of Am. v. Bagwell,*
        512 U.S. 821 (1994).........................................................................7, 8

10

11  *Koninklijke Philips Elec., N.V. v. KXD Tech., Inc.,*
        539 F.3d 1039 (9th Cir. 2008)..........................................................7, 8

12

13  *Lyn-Lea Travel Corp. v. American Airlines, Inc.,*
        283 F.3d 282 (5th Cir. 2002)................................................................7

14  *Maness v. Meyers,*
        419 U.S. 449 (1975)..............................................................................6

15

16  *Peterson v. Highland Music, Inc.,*
        140 F.3d 1313 (9th Cir. 1998)..........................................................5, 7

17

18  *Roadway Express, Inc. v. Piper,*
        447 U.S. 752 (1980)..............................................................................6

19  STATUTES

20  28 U.S.C. §1927.........................................................................................7

21  Cal. Code Civ. P. § 703.540.......................................................................3

22  Cal. Code Civ. P. §720.120...................................................................9, 10

23  Cal. Code Civ. P. §720.130........................................................................4

24  Cal. Code Civ. P. §720.230.......................................................................10

25  Cal. Code Civ. P. §720.140........................................................................3

26  Cal. Code Civ. P. §720.310...........................................................1, 2, 9, 10

27

28

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

ii

townsend.

1

**OTHER AUTHORITIES**

2  California Rule of Professional Conduct 3-700(D) ................................................................ 5

3  California Rule of Professional Conduct 4-100 ................................................................ 4, 8

4  Fed. R. Civ. P. 69 ................................................................ 1, 9

5  Fed. R. Civ. P. 71 ................................................................ 1, 5

6  L.R. 83-3.1.2 ................................................................ 9

7  L.R. 83-3.1.4 ................................................................ 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING          iii
CASE NO. 2:09-CV-06303-ABC

townsend.

## I.　Introduction

Rosen Saba refuses to deliver property of judgment debtor E-Pass Technologies, Inc. ("E-Pass") to this Court's levying officer, in direct violation of the Court's Notice of Levy, served on September 9, 2009. Rosen Saba, a law firm, admits that it holds $47,728.23 in a Client Trust Account for E-Pass. Rosen Saba does not claim that it possesses any interest in the funds, and therefore did not make a third party claim to the property, as allowed by the Notice of Levy. Rather, Rosen Saba relied on an allegation that E-Pass does not have a "present interest in the funds possessed by Rosen Saba."

Because Rosen Saba neither delivered the property of judgment debtor to the levying officer nor made a proper claim for exemption from the Notice of Levy and Writ of Execution, it is in direct violation of a court order. Contempt sanctions would be proper at this time, to maintain respect of the court and submission to its lawful mandates. However, because Rosen Saba is a non-party, and in an effort to ensure that proper procedure is followed, ACCESS makes this *ex parte* application for an order to show cause.

In the first instance, ACCESS requests that this Court issue an order (pursuant to its inherent authority and Fed. R. Civ. P. 71) directing Rosen Saba to show cause why it should not be held in contempt of court for refusing to deliver the property of judgment debtor E-Pass to the levying officer.

However, in view of the provisions of Fed. R. Civ. P. 69(a)(1) and California state procedural law, ACCESS wishes to ensure that proper procedure is followed. Thus, in the alternative, and only if the Court determines that reference to California state procedure is appropriate, ACCESS petitions for a hearing within 20 days, pursuant to Cal. Code of Civ. P. §720.310.

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

townsend.

1

1

## II.    Brief Statement of Facts

2

### A.    ACCESS Properly Attempted to Enforce Judgment

3       ACCESS was awarded judgment of approximately $1 million, against E-Pass

4  Technologies, Inc. (Docket #1). On May 29, 2009, ACCESS registered the

5  judgment with this Court. (*Id.*). On August 19, 2009, ACCESS obtained a Writ of

6  Execution from this Court. (Docket #2 and unnumbered docket entry of 8/19/09).

7  On September 9, 2009, ACCESS served the Writ of Execution and Notice of Levy

8  upon Rosen Saba. (Oliver Ex. 1).[2]

9       On September 25, 2009, Rosen Saba served its Memorandum of Garnishee by

10  mail. (Oliver Ex. 2 at p. 5). In the description of property levied upon, but not

11  delivered to the levying officer, Rosen Saba identified $47,728.23 that it holds in a

12  Client Trust Account for judgment debtor E-Pass. (*Id.* at p. 1). Rosen Saba claims,

13

14

15

16

17

18

> The subject funds are under Rosen Saba, LLP's control and were paid to Rosen Saba, LLP as an advance payment of the firm's litigation costs incurred in prosecuting and pursuing E-Pass' above-referenced actions. The funds paid to Rosen Saba, LLP are non-refundable, except to the extent that, at the final conclusion of Rosen Saba, LLP's representation of E-Pass, all funds paid to Rosen Saba, LLP have not been used. Even if validly levied, E-Pass has no present interest in the funds possessed by Rosen Saba, LLP.

19  (Oliver Ex. 2 at p. 3).

20       Upon information and belief, Rosen Saba continues to withhold the identified

21  funds from the levying officer.

22

### B.    Neither Rosen Saba nor E-Pass Made A Claim of Exemption

23       The Notice of Levy served upon Rosen Saba provides "Information for

24  Person Other than Judgment Debtor." (Oliver Ex. 4 at p. 2). Specifically, it states,

25  "If the property levied upon is in your possession or under your control and you do

26  not claim the right to possession or a security interest, you must deliver the property

27  ───────────────

    [2] As used herein, "Oliver" refers to the Declaration of Andrew T. Oliver, filed

28  contemporaneously herewith.

townsend.

1  to the levying officer." (*Id.*) It further specifies, "If you claim ownership or the

2  right to possession of real or personal property levied upon or if you claim a security

3  interest in or lien on personal property levied upon, you may make a third-party

4  claim and obtain the release of the property pursuant to sections 720.010–720.800 of

5  the Code of Civil Procedure." (*Id.*)

6        Upon information and belief, Rosen Saba did not make an third-party claim

7  pursuant to Cal. Code Civ. P. §§720.010 – 720.800. Counsel for ACCESS has not

8  received service of any such notice pursuant to any of Cal. Code Civ. P. §§ 720.140

9  or 720.240. (Oliver ¶ 7).

10        The Writ of Execution served upon Rosen Saba (counsel for E-Pass in

11  another matter) and mailed to E-Pass provides a "Notice to the Judgment Debtor."

12  (Oliver Ex. 3 at p. 3). It states, "You may be entitled to file a claim exempting your

13  property from execution. You may . . . within ten (10) days after the date the notice

14  of levy was served, deliver a claim of exemption to the levying officer as provided

15  in Sections 703.510 – 703.610 of the California Code of Civil Procedure." (*Id.*)

16        Upon information and belief, neither Rosen Saba nor E-Pass made such a

17  claim. Counsel for ACCESS has not received service of any such claim pursuant to

18  Cal. Code Civ. P. § 703.540. (Oliver ¶ 7).

19  **III.    Argument**

20      **A.    Rosen Saba Improperly Withheld E-Pass' Property from the
Levying Officer**

21

22        The property identified in Rosen Saba's Memorandum of Garnishee (i.e.,

23  money in a Client Trust Account) is property of judgment debtor E-Pass. Rosen

24  Saba's Memorandum of Garnishee makes no legitimate challenge to this conclusion.

25  Thus, there is no basis for Rosen Saba to withhold the funds from the levying

26  officer.

27        First, Rosen Saba did not make a third-party claim to the property. The

28  Notice of Levy served upon Rosen Saba provided instructions for making a claim

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

3

townsend.

for ownership, right to possession, security interest, or lien. (Oliver Ex. 4 at p. 2).

Such claims are to be made under Cal. Code Civ. P. §§ 720.010 – 720.800. This

code sets specific requirements for such claims in sections 720.130 and 720.230.

Subsection (a)(1) of those sections requires a statement of the address where service

may be made upon a claimant. Rosen Saba did not provide an address on the

Memorandum of Garnishee. (*See generally* Oliver Ex. 3). More importantly,

subsection (a)(4) of the sections requires a statement of the amount of the claim by

the claimant. Rosen Saba did not state the amount of any claim within the

Memorandum of Garnishee. (*Id.*). And, most importantly, subsection (b) of the

sections requires a copy of the writing or agreement upon which the claim is based.

Rosen Saba did not include any such writing with its Memorandum of Garnishee.

(*Id.*). Thus, Rosen Saba did not make a third-party claim to E-Pass' property.

Second, Rosen Saba stated that the money remains in the Client Trust

Account for E-Pass. (Oliver Ex. 2 at p. 1). This is consistent with the property

belonging to E-Pass. The State Bar of California Rule of Professional Conduct 4-

100(A) requires,

> All funds received or held for the benefit of clients by a member or law
> firm, including advances for costs and expenses, shall be deposited in
> one or more identifiable bank accounts labeled "Trust Account,"
> "Client's Funds Account" or words of similar import . . . No funds
> belonging to the member or the law firm shall be deposited therein or
> otherwise commingled therewith except as follows: . . . (2) In the case
> of funds belonging in part to a client and in part presently or potentially
> to the member or the law firm, the portion belonging to the member or
> law firm must be withdrawn at the earliest reasonable time after the
> member's interest in that portion becomes fixed. . . .

Thus, by Rosen Saba's own admission, because the money is in a "Client Trust

Account," it is being held for the benefit of E-Pass. Rule 4-100(A). Rosen Saba

was required to "withdraw[] at the earliest reasonable time" any portion of the

money in which Rosen Saba held a "fixed" interest. Rule 4-100(A)(2).

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

townsend.

4

1    Accordingly, Rosen Saba does not possess any fixed interest in E-Pass' property.

2         Third, Rosen Saba admits that E-Pass could obtain all of the funds from

3 Rosen Saba at any time. Rosen Saba alleges that "The funds paid to Rosen Saba,

4 LLP are non-refundable, except to the extent that, at the final conclusion of Rosen

5 Saba, LLP's representation of E-Pass, all funds paid to Rosen Saba, LLP have not

6 been used." It is well settled that a client may terminate employment of its lawyer at

7 virtually any time. Thus, E-Pass could terminate Rosen Saba, LLP's representation

8 and obtain the funds at any time. *See e.g.*, State Bar of California Rule of

9 Professional Conduct 3-700(D) ("A member whose employment has terminated

10 shall: . . . (2) Promptly refund any part of a fee paid in advance that has not been

11 earned. . . .").

12         Rosen Saba admits that it holds judgment debtor E-Pass' property. Rosen

13 Saba claims no interest in the property, either formally by a third-party claim or

14 informally by its allegations in the Memorandum of Garnishee. In short, Rosen

15 Saba seems to claim that neither E-Pass nor Rosen Saba have an interest in the

16 property, and that this ambiguity forms a basis for refusing to deliver the property to

17 the levying officer. This is an improper, baseless, and vexatious attempt to aid E-

18 Pass in avoiding the properly registered and enforced judgment against E-Pass.

19      **B.**     **Contempt Sanctions are Warranted**

20         The Court may enforce obedience of non-parties through contempt sanctions.

21 Specifically, Fed. R. Civ. P. 71 provides, "When an order . . . may be enforced

22 against a nonparty, the procedure for enforcing the order is the same as for a party."

23 It is proper to issue a contempt sanction against a non-party. *See Peterson v.*

24 *Highland Music, Inc.*, 140 F.3d 1313, 1323-1324 (9th Cir. 1998) (holding that a

25 "district court [did not] abuse its discretion in applying its contempt sanction"

26 against two non-parties, where the non-parties had knowledge of a judgment and

27 flagrantly and deliberately aided and abetted violations of the judgment).

28         Such sanctions may be based upon the Court's inherent powers. The

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING        5
CASE NO. 2:09-CV-06303-ABC

townsend.

1  Supreme Court noted,

> [I]t is firmly established that "[t]he power to punish for contempts [sic] is inherent in all courts." This power reaches both conduct before the court and that beyond the court's confines, for "[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial."

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991) (internal citations omitted). More specifically, "[A]ll orders and judgments of courts must be complied with promptly. . . Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect" *Maness v. Meyers*, 419 U.S. 449, 458 (1975). It is important for the Court to issue contempt sanctions in appropriate situations, to protect the administration of justice. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("The most prominent [of the inherent powers] is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court.'").

To avoid contempt sanctions, a party must take all reasonable steps to comply with a court order; good faith is not an exception to disobedience. *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). The burden is on the contemnor to demonstrate why compliance was impossible – why the contemnor's misconduct was beyond its control and not self-induced. *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (holding inability to comply with a court order to repatriate assets from a foreign jurisdiction was not a defense to civil contempt because this was the intended result of such "asset protection").

However, the Court must have clear and convincing proof of contempt. *Peterson*, 140 F.3d at 1323. The Court may gather such proof by issuing an order to

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

6

townsend.

1  show cause why a person should not be sanctioned. *Peterson*, 140 F.3d at 1324.

2  ### C.    An Order to Show Cause Should Issue

3  The registration of ACCESS' judgment, issuance of a writ of execution and

4  notice of levy, and service of same upon Rosen Saba should have the effect of a

5  court order to deliver the property of the judgment debtor to the levying officer.

6  Thus, it appears that contempt sanctions are already warranted.

7  In an abundance of caution, to avoid potential reversal of a sanction against a

8  non-party, ACCESS requests that the Court issue an order to Rosen Saba to show

9  cause why contempt sanctions should not issue for Rosen Saba's refusal to deliver

10  E-Pass' property to the levying officer.  This will provide a mechanism to ensure

11  that Rosen Saba has its opportunity to be heard in Court.  (Notably, the Court need

12  not always provide the purported contemnor a hearing, but in some instances may

13  decide the issue on the papers. *Peterson*, 140 F.3d at 1324.)

14  ### D.    The Following Sanctions Are Appropriate for Inclusion in the Order to Show Cause

15

16  It is appropriate to direct Rosen Saba to pay ACCESS its reasonable

17  attorneys' fees and costs incurred in seeking to collect E-Pass' property from Rosen

18  Saba, including all costs and fees incurred in filing and further litigation of this

19  application.  Civil contempt sanctions compensate the complainant or coerce the

20  contemnor into compliance. *Int'l Union, United Mine Workers of Am. v. Bagwell*,

21  512 U.S. 821, 829 (1994); *Koninklijke Philips Elec., N.V. v. KXD Tech., Inc.*, 539

22  F.3d 1039, 1042 (9th Cir. 2008).  An attorney who unreasonably and vexatiously

23  multiplies proceedings in any case may be required to personally satisfy costs,

24  expenses, and attorneys' fees incurred because of such conduct.  28 U.S.C. §1927;

25  *see also, Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282 (5th Cir.

26  2002) (upholding contempt sanction of attorneys' fees and expenses entered jointly

27  and severally against party and its attorneys).  Rosen Saba had no basis to withhold

28  E-Pass' property from the levying officer.  Rosen Saba neither attempted to make

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

7

townsend.

1    any claim pursuant to the provisions specified in the Notice of Levy nor filed any

2    request for relief with this Court. Rather, Rosen Saba required ACCESS to incur

3    further attorneys' fees and expenses in seeking to enforce the judgment it was

4    granted over a year ago. This conduct is unreasonable and vexatious; it supports an

5    award of attorneys' fees, costs, and expenses.

6           It is appropriate to impose a daily fine upon Rosen Saba (e.g., $500.00 per

7    day), to be levied until such time as Rosen Saba delivers E-Pass' property to the

8    levying officer or until the compounded amount of the fine exceeds the amount of

9    E-Pass' property identified in the Memorandum of Garnishee (i.e., $47,782.23).

10    Coercive fines of this type are appropriate contempt sanctions. *See Int'l Union,*

11    *United Mine Workers of Am.,* 512 U.S. at 829; *Koninklijke Philips,* 539 F.3d at

12    1042.

13           It is also appropriate to direct Rosen Saba to report itself to the State Bar of

14    California for potential disciplinary proceedings. As noted above, Rule of

15    Professional Conduct 4-100(A)(2) provides, "In the case of funds belonging in part

16    to a client and in part presently or potentially to the member or the law firm, the

17    portion belonging to the member or law firm must be withdrawn at the earliest

18    reasonable time after the member's interest in that portion becomes fixed." Rosen

19    Saba alleged that "E-Pass has no present interest in the funds possessed by Rosen

20    Saba, LLP." (Oliver Ex. 2 at p. 3). Based on Rosen Saba's Memorandum of

21    Garnishee, it appears that the funds must either belong to E-Pass or to Rosen Saba.

22    If indeed, Rosen Saba claims that on the date of service of the Notice of Levy, it

23    held a fixed interest in the E-Pass funds that it holds in a Client Trust Account and

24    Rosen Saba did not withdraw the funds at the earliest reasonable time, it is

25    potentially in violation of Rule 4-100, and should report itself to the State Bar of

26    California.

27           It is appropriate to report any Rosen Saba attorneys that are admitted to

28    practice in this district to this Court's Standing Committee on Discipline. L.R. 83-

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

8

townsend.

1   3.1.4 allows a Judge to refer attorneys to the Committee for violating the Standards

2   of Professional Conduct contained in L.R. 83-3.1.2. If the Court finds that it is

3   appropriate for Rosen Saba to report itself to the State Bar of California, it will also

4   be appropriate to refer all attorneys of the firm to the Committee.

5         E.     **In the Alternative, the Court Should Set a Hearing to Determine the Proper Disposition of Property**

6

7        ACCESS does not believe that state procedural law governs. Rosen Saba did

8   not follow the proper procedure in making a third-party claim to E-Pass' property.

9   Rather, Rosen Saba refused to delivery the property to the levying officer without

10  basis. Thus, Rosen Saba waived any third party claim. However, if the Court

11  determines that Rosen Saba's Memorandum of Garnishee meets the requirements of

12  Cal. Code Civ. P. §720.120 or §720.220, then ACCESS hereby petitions the Court

13  to set a hearing within 20 days of this petition, pursuant to Cal. Code Civ. P. §

14  720.310.

15       Execution on judgment is governed by Fed. R. Civ. P. 69. Rule 69(a)(1)

16  provides,

17          A money judgment is enforced by writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings

18          supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal

19          statute governs to the extent it applies.

20

21  Counsel for ACCESS is not aware of any such governing federal statute. Thus,

22  California state procedure applies. Moreover, the Writ of Execution and Notice of

23  Levy issued by this court both refer to California state procedure related to judgment

24  and execution. (*See supra* Statement of Facts, Oliver Ex. 3 at p. 3 and Ex. 4 at p. 2).

25       California procedure allows the judgment creditor to petition for a hearing to

26  determine the validity of a third-party claim to property. Specifically, Cal. Code

27  Civ. P. §720.310(a) provides,

28

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

9

townsend.

1
2
3
4
5

> Not later than 15 days after the third-party claim is filed with the levying officer pursuant to Section 720.120 or 720.220, or 15 days after filing an undertaking pursuant to Section 720.610, either the creditor or the third person may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is the subject of the claim.

6  Rosen Saba's Memorandum of Garnishee was served by mail on September 25,

7  2009. This petition is being filed within 15 days of that date.

8  Rosen Saba's Memorandum of Garnishee does not set forth a proper third-

9  party claim. As argued above, in §III A, Rosen Saba's Memorandum of Garnishee

10  does not comply with Cal. Code Civ. P. §720.130(a)(1), §720.130(a)(4),

11  §720.130(b), §720.230(a)(1), §720.230(a)(4), or §720.230(b). Rosen Saba did not

12  include the required elements of a claim in its Memorandum of Garnishee.

13  Moreover, it appears that the levying officer (i.e., the U.S. Marshals Service)

14  did not believe that a proper claim was made. Sections 720.140 and 720.240 of Cal.

15  Code Civ. P. require the levying officer to serve the claim upon the creditor within

16  five days of receipt. Counsel for ACCESS has not yet received service of such

17  claims by the levying officer, leading to the belief that no effective third-party claim

18  was made. (Oliver ¶ 7).

19  Thus, while it appears that contempt proceedings are in order, if the Court

20  determines that California state procedure applies, ACCESS petitions for a hearing

21  pursuant to Cal. Code Civ. P. §720.310.

22  **IV.    Conclusion**

23  Based on the foregoing, ACCESS believes that the proper course of action is

24  for the Court to issue an order directing Rosen Saba to show cause why it should not

25  be sanctioned for refusing to delivery judgment debtor's property to the levying

26  officer. However, in the event that the Court finds that Rosen Saba made a proper

27  ///

28  ///

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

10

townsend.

1  third-party claim, ACCESS petitions the Court for a hearing within 20 days to

2  determine the proper disposition of the property.

3

4  DATED: October 7, 2009          Respectfully submitted,

5                                  TOWNSEND AND TOWNSEND AND
                                    CREW LLP
6

7  By:
                                    ANDREW T. OLIVER
8
                                    Attorneys for Judgment Creditor
9                                   ACCESS Systems Americas, Inc.

10  62249166 v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION
OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC.                    11
FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING
CASE NO. 2:09-CV-06303-ABC

townsend.

## PROOF OF SERVICE

I, Rowena Renteria, hereby certify and declare:

1.    I am a citizen of the United States and an employee in the County of Santa Clara, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 379 Lytton Avenue, Palo Alto, California, 94301.

2.    I served at my place of business a copy of the within document entitled:

**NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION OF JUDGMENT CREDITOR ACCESS SYSTEMS AMERICAS, INC. FOR AN ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, FOR A HEARING**

( X ) OVERNIGHT MAIL TRANSMISSION:  I caused such document to be sent by overnight mail on Wednesday, October 7, 2009 to the address for the party(ies) indicated below.

Adela Carrasco
Rosen Saba, LLP
468 N. Camden Dr., Third Floor
Beverly Hills, CA  90210

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2009, at Palo Alto, California.

_____
Rowena Renteria