UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | |
|---|---|---|
| Daphne Alex | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**    ORDER RE: MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT
(In Chambers)

     Pending before the Court is Judgment Creditor ACCESS Systems Americas, Inc.'s ("ACCESS's") motion for an Order to Show Cause, or in the alternative, for a Hearing, filed on November 11, 2009, directed at third-party Rosen Saba, LLP ("Rosen Saba"). Rosen Saba opposed on November 23, 2009 and ACCESS replied on November 30, 2009. The Court finds this matter appropriate for resolution without oral argument and VACATES the December 7, 2009 hearing date. Fed. R. Civ. P. 78; Local Rule 7-15.[1] The Court DENIES ACCESS's motion.

**I.    INTRODUCTION**

     ACCESS previously obtained a judgment in excess of $1 million against E-Pass Technologies, Inc. ("E-Pass"). ACCESS then registered that judgment with this Court and obtained a Writ of Execution against Rosen Saba, a law firm hired by E-Pass to prosecute a malpractice action against its former attorneys, whose actions allegedly led to the $1 million judgment ACCESS is now trying to collect. At the time of ACCESS's motion, Rosen Saba held $47,728.23 in a Client Trust Account for E-Pass and ACCESS seeks to execute its judgment against that amount.

     When it received the Writ of Execution, Rosen Saba served on ACCESS a Memorandum of Garnishee, in which Rosen Saba asserted under oath:

---

[1] The Court further DENIES ACCESS's request for a hearing pursuant to California Code of Civil Procedure section 720.310. ACCESS cites no authority that a hearing is mandatory under that provision, especially in this case, which involves only a legal dispute over the effect of Rosen Saba's possession of the funds at issue. Moreover, the parties have adequately presented their respective positions in their papers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

> The subject funds are under Rosen Saba, LLP's control and were paid to Rosen Saba, LLP as an advance payment of the firm's litigation costs incurred in prosecuting and pursuing E-Pass's above-referenced actions. The funds paid to Rosen Saba, LLP are non-refundable, except to the extent that, at the final conclusion of Rosen Saba, LLP's representation of E-Pass, all funds paid to Rosen Saba, LLP have not been used. Even if validly levied, E-Pass has no present interest in the funds possessed by Rosen Saba, LLP.
>
> . . .
>
> Notably, the funds maintained by Rosen Saba, LLP pay the firm's ongoing costs to prosecute a malpractice action against E-Pass' previous counsel, Moses & Singer, LLP, et al., the parties which E-Pass alleges are responsible for the entry of the judgment which is the subject of the instant levy. Levying upon the funds maintained by Rosen Saba, LLP will destroy the Judgment Debtor's ability to go forward with the malpractice action and to potentially recover more of the Judgment Creditors' purported liens. Indeed, the prospective proceeds from the malpractice action may be the Judgment Creditors' best or only way to execute on its judgment.

(Oliver Decl., Ex. 2 at 12.)[2]

Unsatisfied with this response, ACCESS filed an ex parte application with this Court for an Order to Show Cause why Rosen Saba should not be sanctioned for not complying with the California Code of Civil Procedure provisions governing exemptions to writs of execution. (Docket No. 5.)  The Court promptly denied the application without prejudice because ACCESS failed to comply with this Court's rules regarding ex parte applications.  (Docket No. 7.)  The Court did not

---

[2] ACCESS complains that Rosen Saba submitted no evidence to support the existence of the Client Trust Fund agreement, but in the Memorandum of Garnishee, Adela Carrasco, a Rosen Saba partner, described the terms of the agreement and signed those statements under penalty of perjury. Although California Code of Civil Procedure section 720.130(b) requires that Rosen Saba attach any writing to reflect the agreement, Rosen Saba did not do so. The Court presumes that no writing exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

decide any substantive issue in that motion; nor did the Court decide whether federal or California rules of procedure would govern.

ACCESS then filed the instant regularly noticed motion, claiming that federal contempt procedures apply because Rosen Saba has waived reliance on state law, that Rosen Saba has not demonstrated that the funds it holds are exempt from ACCESS's levy, and that Rosen Saba must be sanctioned for withholding the funds. Rosen Saba opposed, claiming that E-Pass has no present interest in the funds, so the funds cannot be subject to ACCESS's levy.

**II.   DISCUSSION**

    **A.   Application of State Law**

ACCESS has brought the instant motion for contempt sanctions pursuant to Federal Code of Civil Procedure 70 and 71. However, a creditor may not rely on federal procedure for contempt proceedings to enforce a writ of execution. See Shuffler v. Heritage Bank, 720 F.2d 141, 1144 (9th Cir. 1983) ("The proper means . . . to secure a money judgment is to seek a writ of execution, not to obtain a fine of contempt for the period of non-payment.").

Nevertheless, ACCESS argues that Rosen Saba waived any right to rely on California procedure by failing to comply with it when submitting its Memorandum of Garnishee. For example, ACCESS asserts that Rosen Saba failed to comply with California Code of Civil Procedure sections 720.130 and 720.230[3] because it did not include its address or a specific amount claimed to be exempt on the Memorandum of Garnishee; nor did Rosen Saba attach a copy of the agreement on which the exemption was based. (See Oliver Decl., Ex. 2.) The Court is not convinced that these technical omissions – if they were omissions at all[4] – warrant punishing Rosen Saba by finding waiver. In fact, the procedures in sections 720.130 and 720.230 are permissive, not mandatory, and Rosen Saba's interest in property is not affected by its failure to comply with statutory procedures. See Cal. Code Civ. P. § 720.150; Regency Outdoor Advertising, Inc. v. Carolina Lanes,

---

[3] All further statutory references are to the California Code of Civil Procedure unless otherwise noted.

[4] For example, ACCESS claims that "Rosen Saba did not state the amount of any claim within the Memorandum of Garnishee." (ACCESS Mot. 7.) Yet the amount is plain from the face of the Memorandum: $47,728.23. (Oliver Decl., Ex. 2 at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

Inc., 31 Cal. App. 4th 1323, 1329 (Ct. App. 1995) ("The third party claim procedures are optional and the third party does not waive a superior interest in the property levied upon by failure to make such a third-party claim."). Thus, the Court will treat ACCESS's motion as a request for a writ of execution and will apply California law to ACCESS's request.

### B. Cal. Code Civ. P. § 699.720(a)(9)

Rosen Saba claims that the funds it holds in the Client Trust Account are not subject to levy because E-Pass has only a contingent interest in the funds. That contingent interest arose because Rosen Saba has sole control over the funds, which are non-refundable except to the extent that any funds remain at the end of the litigation for which they are used or E-Pass terminates the attorney-client relationship.

A third party may refuse to turn over property subject to levy based upon a good faith claim of right to possession of that property. Cal. Code Civ. P. § 701.010(b)(1)-(2); see also 2 Alan M. Ahart, Cal. Practice Guide: Enforcing Judgments & Debts 6:576 (2009). Rosen Saba refused to turn over the funds in the Client Trust account based upon section 699.720(a)(9), which provides that: "(a) The following types of property are not subject to execution . . . (9) A contingent remainder, executory interest, or other interest in property that is not vested." Cal. Code Civ. P. § 699.720(a)(9).[5] Consistent with this provision, a judgment creditor may execute a judgment only upon present interests in property that exist at the time of the levy. See Citizens Bank of Roseville v. Taggart, 143 Cal. App. 3d 318, 325 (Ct. App. 1983); Pintel v. Mohamed, 107 Cal. App. 2d 328, 330-31 (Ct. App. 1951).

A "present interest" is a "property interest in which the privilege of possession or enjoyment is present and not merely future; an interest entitling the holder to immediate possession." Black's Law Dictionary 886 (9th ed. 2009). Similarly, a "vested" interest is one "for which the right to its enjoyment, either present or future, is not subject to the happening of a condition precedent." Id. In contrast, a contingent interest is defined as "[a]n interest that the holder may enjoy only upon the occurrence of a condition precedent." Id. 885.

---

[5]Because the Court finds that section 699.720(a)(9) applies, the Court does not decide whether the funds in the Client Trust Account were also not subject to levy under section 699.720(a)(8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

    Here, E-Pass has only a contingent interest in the funds in the Client Trust Account held by Rosen Saba because E-Pass's entitlement to those non-refundable funds arises only upon the happening of one of two possible conditions precedent: either the litigation concludes or E-Pass terminates the representation. Because E-Pass otherwise cannot presently enjoy any unspent funds, ACCESS cannot levy the property.

    ACCESS advances several arguments to suggest that E-Pass has a present interest in the funds, but none of them is persuasive. First, ACCESS argues that E-Pass has a present interest in the funds in the Client Trust Account because they are being used to pay current litigation expenses. Even so, E-Pass has relinquished its <u>present</u> right to the funds by submitting them to Rosen Saba without the right to their return for any reason and upon demand. Even if they are being used for E-Pass's current benefit in litigation, E-Pass has no legal access to them without fulfilling a condition precedent.

    Second, ACCESS claims that Rosen Saba admitted that E-Pass has a present interest in the funds by placing them in a Client Trust Account. The argument is based upon California Rule of Professional Conduct 4-100(A), which requires that any client funds be held by an attorney in a separate client account. However, ACCESS cites no law to prevent Rosen Saba and E-Pass from agreeing to place the conditions on access to those funds at issue here. No present interest was created simply by segregating the funds in a Client Trust Account as required by the California Rules of Professional Conduct.

    Third, ACCESS claims that shielding the funds at issue here from a levy would encourage debtors to pass funds to attorneys to avoid the enforcement of judgments. This position is not without some force, but ACCESS has fallen far short of establishing that the risk exists in this case. Rather, the record demonstrates that Rosen Saba holds the funds to finance litigation against E-Pass's former counsel in the hope that a judgment in that case will provide the damages to pay ACCESS's judgment. In fact, ACCESS already has a lien on any judgment obtained in that matter. (Carrasco Decl. ¶ 4, Ex. A.) Nothing suggests that E-Pass has sought to shield any funds from collection by depositing them with Rosen Saba.

    Finally, ACCESS argues that, even if E-Pass has no present interest in the funds in the Client Trust Account, it could gain access if the Court terminates E-Pass's relationship with Rosen Saba and orders that E-Pass use the remaining funds to pay ACCESS's judgment. <u>See</u> Cal. R. Prof. Conduct 3-700(D) (compelling a terminated attorney to "refund any part of a fee paid in advance that has not been earned."). To support its position, ACCESS relies on section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

709.020, which provides:

> The judgment creditor may apply to the court on noticed motion for an order applying to the satisfaction of a money judgment a contingent remainder, executory interest, or other interest of the judgment debtor in property that is not vested in the judgment debtor. The interest of the judgment debtor may be applied to the satisfaction of the money judgment by such means as the court, in its discretion, determines are proper to protect the interests of both the judgment debtor and judgment creditor, including but not limited to the imposition of a lien on or the sale of the judgment debtor's interest.

The Law Revision Commission Comments to this section indicate that "[s]ection 699.720(a)(9) continues the rule that such interests are not subject to execution." Cal. Code Civ. P. § 709.020 cmt. (1982). Section 709.020 was intended simply to allow a court "to fashion a suitable remedy through its equitable powers in order to prevent a sacrifice sale of the judgment debtor's interest while preserving the rights of the judgment creditor." Id.

The Court finds dissolving E-Pass's attorney-client relationship under these circumstances unwarranted. The Court is reticent to interfere with Rosen Saba's representation of E-Pass, especially since ACCESS has not shown that the relationship was entered in bad faith to thwart ACCESS's collection of its judgment. See Cal. Code Civ. P. § 701.020(b)(1)-(2). Moreover, ordering termination of Rosen Saba's representation of E-Pass will harm both ACCESS's and E-Pass's interests because that would eliminate any possibility that E-Pass could obtain a damages judgment in the related litigation and pay ACCESS's judgment, which would undermine the purpose of section 709.020 to protect the interests of both the judgment creditor and the judgment debtor.

Therefore, the Court concludes that E-Pass has only a contingent interest in the funds held by Rosen Saba in the Client Trust Account, and the Court will not order execution of a levy upon those funds or order that E-Pass dissolve its relationship with Rosen Saba to gain access to the funds.

### C. Sanctions and Fees

Because the Court finds that contempt proceedings are not appropriate and because ACCESS does not have a right to execute the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6303 ABC | Date | December 1, 2009 |
|---|---|---|---|
| Title | E-Pass Technologies, Inc. v. PalmOne, Inc., et al. | | |

levy on the funds held by Rosen Saba, the Court DENIES its request for sanctions and attorney's fees and costs under 28 U.S.C. § 1927 and Federal Rules of Civil Procedure 70 and 71.

    Rosen Saba also seeks sanctions in the form of attorney's fees for having to oppose ACCESS's motion.  See 28 U.S.C. § 1927.  Sanctions may be warranted pursuant to the Court's inherent authority when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons.  See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).  The Court finds that ACCESS has not acted in a manner warranting sanctions.  Law supporting both sides in this matter is spare, and both sides had at least some basis for their respective positions.  Neither party acted for the purpose of vexing or harassing the other.  Although the Court believes that this matter could have been resolved in the meet-and-confer process, sanctions are unwarranted and Rosen Saba's request is DENIED.

**III. CONCLUSION**

    ACCESS's motion for an order to show cause is DENIED.  The Court finds that ACCESS is not entitled to execute its judgment against the funds held by Rosen Saba in E-Pass's Client Trust Account and DENIES ACCESS's request for a writ of execution to levy that property.  Rosen Saba's request for sanctions is also DENIED.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | AB |